IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AL OUSSEYNOV BA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| RYAN O'CONNOR, ) | |
| ) | **JURY TRIAL DEMANDED** |
| and ) | |
| ) | |
| ST. LOUIS COUNTY, MISSOURI ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

### INTRODUCTION

1. Plaintiff, managed a parking lot at 6600 Manchester Road on March 17, 2007. Plaintiff had reserved a portion of the lot for employee's and opened the remainder of the lot to the public attending the St. Patrick's Day parade on Manchester Road. Defendant O'Connor parked in the reserved area and was told to move. Defendant O'Connor pointed a handgun at Plaintiff's face, identified himself as a Police Officer and displayed his badge. Defendant O'Connor repeatedly told Plaintiff he was a "punk nigger" as he threatened Plaintiff with deadly force and bodily harm.

2. This is a civil rights action brought pursuant to 42 U.S.C. §1983 to redress the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also brings claims for assault, pursuant to Missouri law.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1331. Plaintiff claims for relief are cognizable under 42 U.S.C. §§ 1983 and 1988, and under Missouri state law.

4. Plaintiff respectfully invokes the supplemental jurisdiction of the Court to hear and decide his claims arising under state law.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because the Defendants are located, and all incidents giving rise to this suit occurred, in this judicial district.

## PARTIES

6. Plaintiff, at all time referred to herein is a resident of the State of Missouri living in St. Louis County, MO.

7. Defendant Ryan O'Connor, at all times referred to herein, was a St. Louis County, Missouri, Police Officer.

8. Defendant O'Connor, at all times referred to herein acted under color of law. Defendant O'Connor is sued in his individual capacity.

9. Defendant St. Louis County, is a County Government organized under the laws of the State of Missouri.

## FACTS

10. On March 17, 2009 Defendant was employed as a law enforcement officer by the St. Louis County Police Department.

11. At or about 1:00 P.M on March 17, 2008 Plaintiff was working in the parking lot (lot) in the 6600 block of Manchester Road in St. Louis, Missouri.

12. Defendant parked his vehicle in a reserved area on the lot.

13. Defendant was asked to move his vehicle to a nearby, but unreserved portion of the same parking lot.  Defendant refused.

14. Defendant pointed a firearm at Plaintiff's face.  Plaintiff was threatened with deadly force.

15. Defendant identified himself as a police officer and displayed his badge. Defendant asserted that because he was a police officer he could park wherever he wished, irrespective of Plaintiff's direction to remove his vehicle.

16. Defendant O'Connor told Plaintiff he was a "punk-nigger" while threatening him.

17. Plaintiff feared for his life and wellbeing.

18. Defendant was convicted of the crime of assault by a jury on March 11, 2009 in the City of St. Louis, Missouri.

## CAUSES OF ACTION

### COUNT I

**USE OF EXCESSIVE FORCE AND UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANT O'CONNOR COGNIZABLE UNDER 42 U.S.C. §1983**

For his cause of action against Defendant O'Connor in Count I, Plaintiff states:

19. By this reference, Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 18 of this Complaint as though fully set forth herein.

3

20. Defendant O'Connor did assault, terrorize and/or otherwise place Plaintiff in fear for his life and thereby unreasonably seized Plaintiff and used excessive force against Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

21. As a direct and proximate result of the aforedescribed unlawful seizure and malicious abuse of Plaintiff by Defendant O'Connor, all committed under color of law, Plaintiff was deprived of his right to be free from unlawful seizure, and unreasonable and excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Section 1983.

22. As a direct and proximate result Plaintiff was fearful for his life and had great fear for his safety causing Plaintiff pain of the mind, apprehension, depression and consternation.

23. Plaintiff has suffered special damages in the form of lost wages and expenses.

24. The acts of Defendant O'Connor as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendant O'Connor.

25. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant O'Connor for nominal damages and compensatory damages in an amount which is fair and

reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

## LIABILITY OF ST. LOUIS COUNTY
## COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant County of St. Louis in Count II, Plaintiff states:

26. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 25 as though fully set forth herein.

27. Defendant County of St. Louis is directly liable to Plaintiff for the constitutional violations that Plaintiff suffered in that St. Louis County hired and retained an officer who, acting within the course and scope of his employment, power and authority as a police officer of the St. Louis County Police Department, violated the constitutional rights of Plaintiff including Plaintiff being unreasonably seized in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

28. Plaintiff acknowledges that respondeat superior liability is not a basis for liability of Defendant St. Louis County, under existing law. Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 11 7 S.Ct. 1382 (1997), the dissenting opinion of Justice Stevens in *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985), and based upon the literature addressing this issue.

5

29. As a direct and proximate result of the policies, customs, practices and usages of the St. Louis county Police Department as previously described, Plaintiff suffered severe and permanent injuries and damages, both physical and mental, including especially trauma to his person, causing Plaintiff great pain, anguish, fear, consternation and distress. Plaintiff suffered great mental pain and anguish, and embarrassment, humiliation and consternation as a result of having been arrested and beaten. Additionally, Plaintiff has suffered special damages in the form lost wages and he may incur additional special damages in the future in the form of medical expenses and lost wages.

30. If Plaintiff prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant County of St. Louis for compensatory damages in an amount which is fair and reasonable, plus costs of this action, attorneys' fees and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT III

### ASSAULT BY DEFENDANT O'CONNOR
### COGNIZABLE UNDER STATE LAW

For his cause of action against Defendant O'Connor in Count III, Plaintiff states:

31. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. The use of any force against Plaintiff was unreasonable, unlawful, and excessive.

33. The acts of Defendant O'Connor were committed without just cause or provocation, and committed with the intent to cause Plaintiff apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault against Plaintiff.

34. On March 11, 2009, for his unlawful conduct perpetrated against Plaintiff, Defendant O'Connor was convicted by a jury in the City of St, Louis of the crime of Assault pursuant to RSMo. 565 in case number 0822-CR01932

35. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as aforedescribed, Plaintiff was fearful for his life and wellbeing. The great fear for his safety has caused Plaintiff great pain of the mind, fear, apprehension, depression and consternation.  Additionally, Plaintiff has suffered special damages in the form of lost wages and expenses.

36. The acts of Defendant O'Connor as aforedescribed were wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant O'Connor for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted this 16th day of March 2010.

**RYALS & BREED, P.C.**

By: */s/ John W. Bruzek*
John W. Bruzek #5203567
3120 Locust Street
St. Louis, MO  63103
Tel.: (314) 862-6262
Fax: (314) 880-2027
E-mail: bruzek@rblawstl.com

*Attorney for Plaintiff.*