UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AL OUSSEYNOV BA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV450MLM |
| ) | |
| RYAN O'CONNOR, and ) | |
| ST. LOUIS COUNTY, MISSOURI, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Before the court is the Motion to Dismiss Count II of the First Amended Complaint filed by Defendant St. Louis County, Missouri (the "County"). Doc. 15. Plaintiff Al Ousseynov Ba ("Plaintiff") has filed a Response. Doc. 16. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 17.

### LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief

survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (quoting Twombly, 550 U.S. at 555).

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 550 U.S. at 555-56. See also Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To the extent it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in a broader context.

In civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

## LEGAL FRAMEWORK and DISCUSSION

In Counts I and III of the Amended Complaint, Plaintiff alleges wrongdoing on the part of Defendant Ryan O'Connor ("Defendant O'Connor"). Specifically, in Count I, Plaintiff alleges excessive force and unreasonable seizure in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983, and in Count III, Plaintiff alleges assault under State law. In Count II, his sole claim against the County, Plaintiff alleges liability pursuant to § 1983.

The factual allegations of Plaintiff's Amended Complaint are: that on March 17, 2008, Plaintiff was managing a parking lot for a St. Patrick's Day Parade; that Defendant O'Connor parked his vehicle in a reserved area of the parking lot; that Plaintiff told him to move his vehicle; that Defendant O'Connor refused to move his vehicle and pointed a handgun at Plaintiff's face, identified himself as a police officer, displayed his badge, and called Plaintiff a racial epithet; that Defendant O'Connor asserted that, because he was a police officer, he could park wherever he wished; that Defendant O'Connor threatened Plaintiff with deadly force and bodily harm; that Plaintiff feared for his life and well being; and that Defendant O'Connor was convicted of the crime of assault by a jury, on March 11, 2009, in the City of St. Louis. Doc. 7, ¶¶ 11-18. In regard to the County's liability in Count II, Plaintiff alleges that the County "hired and retained" Defendant O'Connor, who in turn violated Plaintiff's constitutional rights. Doc. 7, ¶ 27. Plaintiff also alleges that the County is liable pursuant to a respondeat superior theory and that Plaintiff suffered damages as a direct result of the "policies, customs, practices, and usages" of the County. Doc. 7, ¶¶ 28-29.

The doctrine of respondeat superior, however, is an insufficient basis to establish liability for a municipality for the conduct of its employees in a suit brought under 42 U.S.C. § 1983. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978); Iqbal, 129 S.Ct. at 1948; Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that medical staff of an institution cannot be held liable for alleged inadequate treatment by other medical personnel); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir.1990); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

On the other hand, municipalities can be held liable under § 1983, where an official municipal policy of some nature caused a constitutional tort. Monell 436 U.S. at 691. To recover from a municipal entity for the conduct of its police officers, a plaintiff must prove the existence of a particular official municipal policy or established custom. Monell, 436 U.S. at 691. It is only when the injury is inflicted by the execution of a government's policy, custom or practice, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, that a municipal entity is liable for the injury. See id. A plaintiff must both identify the public policy and establish that the policy caused his injury. Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1996) (citing Monell, 436 U.S. at 694). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Id. at 403-404 (citing Monell, 436 U.S. at 694).

In his Amended Complaint, Plaintiff fails to allege a specific policy, custom, practice, or usage of the County and simply alleges that the County hired and retained Defendant O'Connor. As such, the court finds that Plaintiff's Amended Complaint fails to state a plausible claim for relief against the

4

County and that Count II should be dismissed in its entirety.[1] See Iqbal, 129 S.Ct. at 1948-50; Bryan, 520 U.S. at 404; Monell, 436 U.S. at 691, 694.

## CONCLUSION

For the reasons articulated above, the court finds that the County's Motion to Dismiss Count II of the Amended Complaint should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Count II of the First Amended Complaint filed by the County is **GRANTED**. Doc. 15.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of July, 2010.

---

[1] Plaintiff acknowledges that respondeat superior is not a basis for the County to be liable based on the facts of this case, but urges the court to overturn Supreme Court precedent. See Doc. 7, ¶ 27; Doc. 16 at 2. This court is not empowered to do so. See Marbury v. Madison, 5 U.S. 137, 1 Cranch 137, 177-78 (1803).